IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

---

LARRY D. SELLNOW,

                Petitioner,

v.                                                                  OPINION & ORDER

BROWYN M. BALDWIN, BRIAN HAYES, and                18-cv-355-jdp
STEPHEN C. BAUER,

                Respondents.

---

Pro se prisoner Larry Sellnow has filed a petition for a writ of habeas corpus under 28 U.S.C. § 2254, challenging the decision to revoke his extended supervision. Sellnow doesn't identify the allegations against him in his petition, but according to state court documents that Sellnow attaches, an administrative law judge (ALJ) found that Sellnow violated his rules of supervision by getting into a physical altercation and threatening someone.

Much of Sellnow's handwritten petition is illegible, but it would be pointless to require Sellnow to draft a new petition more carefully because the documents attached to his petition show a more fundamental problem. Specifically, he has not exhausted his state court remedies as he was required to do. Under 28 U.S.C. § 2254(b)(1)(A), a prisoner may not file a habeas petition before presenting his claims through a complete round of state-court review. *O'Sullivan v, Boerckel*, 526 U.S. 838, 848 (1999); *Lemons v. O'Sullivan*, 54 F.3d 357, 360 (7th Cir. 1995). In Wisconsin, supervision decisions by the Department of Corrections are challenged and reviewed through the department's administrative procedures, and then by a state trial court by means of a writ of certiorari, followed by the Wisconsin Court of Appeals and the Wisconsin Supreme Court. *E.g.*, *Mittelstadt v. Wall*, 14-cv-423 2015 WL 5440661, at *2-3 (W.D. Wis. Sept. 14, 2015) (citing state law provisions); *Sanders v. Paquin*, 09-cv-472, 2009 WL 2450362,

at *4 (W.D. Wis. Aug. 7, 2009) (to satisfy exhaustion requirement, § 2254 petitioner "must assert each of his claims in a petition for review to the Wisconsin Supreme Court") (citing *Moore v. Casperson*, 345 F.3d 474, 485-86 (7th Cir. 2003)).

The attachments to Sellnow's petition show that he did not comply with these requirements. Rather, he filed his petition in this court right after he received an adverse decision in April 2018 at the circuit court level. Before he can file a habeas petition in this court, Sellnow must seek review in both the Wisconsin Court of Appeals and the Wisconsin Supreme Court. Accordingly, I will dismiss Sellnow's petition without prejudice to his refiling it after he completes the appeal process in state court.

It may be that it is too late for Sellnow to file an appeal in state court now. Wis. Stat. § 808.04 (setting 45-day deadline for filing appeal). But that is for the state courts to decide. If a Wisconsin appellate court dismisses Sellnow's appeal as untimely, but he still wishes to pursue a habeas petition in this court, he will have to show either that (1) he has cause for failing to follow the state procedural rules and he was prejudiced from his failure to do so; or (2) a failure to consider the claim would result in "a fundamental miscarriage of justice" because he is "actually innocent" of the charges. *Carter v. Douma*, 796 F.3d 726, 733–34 (7th Cir. 2015).

Under Rule 11 of the Rules Governing Section 2254 Cases, the court must issue or deny a certificate of appealability when entering a final order adverse to a petitioner. Because the court of appeals has held that a dismissal without prejudice for failure to exhaust is not a final order, *Gacho v. Butler*, 792 F.3d 732, 733 (7th Cir. 2015), no certificate of appealability is required.

ORDER

IT IS ORDERED that Larry Sellnow's petition for a writ of habeas corpus under 28 U.S.C. § 2254 is DISMISSED without prejudice to Sellnow's refiling it after exhausting his state court remedies.

Entered June 19, 2018.

BY THE COURT:

/s/
_____
JAMES D. PETERSON
District Judge